IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA A. CHEVRIER,

    **Plaintiff,**

v.                                                                                                                                                 No. 13-cv-0986 SMV

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 15] ("Motion"), filed on May 12, 2014. The Commissioner responded on July 7, 2014. [Doc. 17]. Plaintiff replied on August 4, 2014. [Doc. 18]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider certain evidence. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence that the Appeals Council added to the record. *See* Tr. 5–6 (list of evidence added to the record by the Appeals Council), 574–672 (evidence itself).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy,

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### **Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 23, 2009. Tr. 173. She alleged a disability-onset date of May 31, 2007. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* ALJ Ann Farris held a hearing on January 7, 2012, in El Paso, Texas. *Id.* The ALJ heard testimony from Plaintiff, who was not represented, and an impartial vocational expert, Pamela Bowman. Tr. 173, 185−203.

The ALJ issued her unfavorable decision on May 23, 2012. Tr. 173–180. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 175. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "[l]eft knee pain of uncertain etiology[] and bipolar disorder[.]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 175–176.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 177–178. The ALJ found that:

> [Plaintiff] has the [RFC] to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except [Plaintiff] can perform work that requires simple decisions with few workplace

        changes; she is able to have only occasional contact with the public but should avoid crowds.

Tr. 177.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. 178.  At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience, she could perform work that exists in significant numbers in the national economy.  Tr. 179.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims.  Tr. 179–80.

    After the ALJ denied the claims, Plaintiff hired an attorney and submitted additional evidence to the Appeals Council.  Tr. 1–204, 574–672.  The Appeals Council accepted the evidence that pre-dated the ALJ's decision and made it part of the record.  Tr. 1–7, 574–672.  Nevertheless, the Appeals Council found that the new evidence "[did] not provide a basis for changing the [ALJ]'s decision."  Tr. 2.  The evidence that post-dated the ALJ's decision was not made part of the record.  Tr. 1–7, 8–39, 42–137, 140–152.  The Appeals Council found that the "new information [was] about a later time[, and therefore did] not affect the [ALJ's decision]."  Tr. 2.  Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on August 9, 2013.  Tr. 1−6.  Plaintiff timely filed the instant action on October 9, 2013.  [Doc. 1].

## Analysis

    The Appeals Council erred in failing to consider certain evidence that post-dated the ALJ's decision.  *See* Tr. 91, 95, 118–19, 121, 125, 140–152.  Therefore, the case will be remanded.  The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the

5

complete record.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) ("[T]he Appeals Council, which has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record.") (internal quotation marks omitted).

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review.  *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should only be considered if it is new, material, and chronologically pertinent.  20 C.F.R. §§ 404.970(b), 416.1470(b).  Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome."  *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks omitted).  Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision.  *Id*.  If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence.  *Id.*

In this case, Plaintiff submitted evidence to the Appeals Council that had not been before the ALJ.  Some of the evidence pre-dated the ALJ's May 23, 2012 decision, Tr. 574–672, and some evidence post-dated it, Tr. 8–39, 42–137, 140–152.  The Appeals Council accepted the earlier evidence, considered it, and summarily determined that it "[did] not provide a basis for changing the [ALJ's unfavorable] decision."  Tr. 2.  As to the later evidence, the Appeals Council found that it was not chronologically pertinent and, therefore, did not consider it.  *Id.*  Plaintiff challenges this determination and argues that the Appeals Council should have

considered the later evidence. [Doc. 15]. The Commissioner does not argue that the evidence does not qualify as new or as material. Rather, she argues that it is not chronologically pertinent.[3]  *See* [Doc. 17] at 7–8. Accordingly, the Court need only address this factor.

Plaintiff argues that the report by Nancy Hofmann, Certified Nurse Practitioner ("CNP"), dated August 27, 2012, Tr. 142–46, is chronologically pertinent. [Doc. 15] at 10–11. She argues that the report "summarizes her treatment . . . , relating the findings back one year." *Id.*; *see id.* at 7, 13. CNP Hofmann had been treating Plaintiff since October 11, 2009. [Doc. 18] at 3 (citing Tr. 589, 592, 595, 598–99, 604–05, 608, 610, 616, 633). Similarly, Plaintiff argues that the report by Juanita Smith, Licensed Mental Health Counselor ("LMHC") is also chronologically pertinent because it "related back one year." [Doc. 15] at 11. LMHC Smith had treated Plaintiff at Border Area Mental Health Services since February 17, 2011. [Doc. 18] at 4 (citing Tr. 637–38, 639, 641–42, 645, 650, 651, 653–54, 656–57, 659, 579–80.).

The Commissioner argues that the evidence post-dating the ALJ's decision does not relate back to the adjudication period. [Doc. 17] at 6. She argues that there is no evidence that CNP Hofmann examined or treated Plaintiff prior to her August 27, 2012 evaluation. *Id.* She argues that LMHC Smith's evaluation does not relate back for the same reason. *Id.* at 7. The Court is not persuaded by the Commissioner's arguments for two reasons.

First, the record reflects that both CNP Hofmann and LMHC Smith had treated Plaintiff prior to their evaluations and well within the adjudication period. Second, even if they had not

---

[3] The Commissioner does argue that certain records are not material. [Doc. 17] at 5 (citing Tr. 47, 51, 58). However, the Court need not rule on their materiality because it finds that Plaintiff fails to meet her burden to show that the records are chronologically pertinent. Accordingly, the Appeals Council will not be required to consider the records.

treated her within the adjudication period, that does not mean *ipso facto* that their reports cannot be chronologically pertinent.

For example, in *Padilla v. Colvin*, 525 F. App'x 710, 713 (10th Cir. May 9, 2013) (unpublished), the Tenth Circuit did not require new evidence to come from a treating source in order to be chronologically pertinent. And unlike the Appeals Council's rationale in the instant case, the court in *Padilla* did not require the new evidence to pre-date the ALJ's decision to be chronologically pertinent. Rather, the court focused on whether the new evidence was pertinent to the issues that had been before the ALJ. *See id.* The court found, in pertinent part:

> [T]he psychological report corroborates an anxiety diagnosis reported by [the plaintiff's] treating doctor, . . . prior to the hearing, as well as [the plaintiff's] hearing testimony. Meanwhile, his intellectual functioning evaluation relates to and augments [the treating doctor's] earlier report that he could not read or write. As to the audiological report, [the plaintiff] identifies the fact that he testified about his hearing loss during the hearing before the ALJ.

*Id.* In *Chambers*, 389 F.3d at 1142–44, the Tenth Circuit evaluated the "chronologically pertinent" question in a similar way. The court held that medical records dated after the ALJ's decision (one day and two months respectively) were not too temporally remote to be chronologically pertinent. *Id.* However, the court found that the records were immaterial because they represented the first indication of a condition never-before presented to the ALJ. *Id.* The court similarly held that a record dated five months after the ALJ's decision was too temporally remote *where it suggested a condition that had never been presented before*. *Id.*

In this case, the reports of CNP Hofmann and LMHC Smith are dated about one month and two months after the ALJ's decision, respectively. Tr. 140–152. Both reports address the functional limitations resulting from Plaintiff's "mental health symptoms," Tr. 148, which were clearly before the ALJ, Tr. 175–76, 178. Indeed, the Commissioner does not argue otherwise. *See* [Doc. 17]. Accordingly, the Court finds that CNP Hofmann's and LMHC Smith's reports are chronologically pertinent.

Plaintiff also argues that other medical records post-dating the ALJ's decision are chronologically pertinent. She argues that certain treatment records support her claims about her disabling depression and knee problems. [Doc. 15] at 12 (citing Tr. 91, 95, 118–19, 121, 125). The Commissioner does not dispute that the records relate to Plaintiff's depression and knee problems. Accordingly, the Court will require the Appeals Council to consider these records.

As to the remainder of evidence at issue, Plaintiff fails to meet her burden before this Court to show that the records are chronologically pertinent. For example, she explains that "the evidence dated from the date of the ALJ decision through June 2013 shows Ms. Chevrier continued treatment for depression, suicidal thinking, bipolar disorder with racing thoughts, shortness of breath, ringing in her ears, joint pain, hyperlipidemia, hypertension, and insomnia. [Tr.] 10-39, 47-48, 68-113." [Doc. 15] at 7; [Doc. 18] at 5. However, the Court is not convinced that these conditions were before the ALJ. There is no mention in the ALJ's decision of shortness of breath, ringing in her ears, joint pain (other than in the knee), hyperlipidemia,

hypertension, or insomnia.  *See* Tr. 173–80.  And Plaintiff does not argue—much less show—that these conditions were before the ALJ.  *See* [Docs. 15, 18].

Finally, the Court is not convinced by Plaintiff's conclusory argument that all of the records post-dating the ALJ's decision "show[] that [Plaintiff]'s mental impairment did not result in a 'stable mood' as found by [the ALJ]."  [Doc. 15] at 13.  Certainly, some of the records are totally unrelated to Plaintiff's mood.  For example, the July 5, 2012 record from Ben Archer Health Center reflects a primary care appointment to address complaints of "right wrist pain, left earache[,] and sore throat."  Tr. 130.  Plaintiff's mood is not mentioned.  *See id.*  Accordingly, Plaintiff fails to meet her burden to show that the records found at Tr. 42–90, 92–94, 96–117, 120, 122–124, 126–137 are chronologically pertinent.

## Conclusion

The Appeals Council erred in failing to consider certain evidence that post-dated the ALJ's decision.  Tr. 91, 95, 118–19, 121, 125, 140–152.  Therefore, the Motion will be granted, and the case will be remanded.  The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record.  *See Chambers v. Barnhart*, 389 F.3d at 1143.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 15] is

**GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**